### CLINE et al. v. BLACKSTONE COAL & MINING CO.

No. 15420—Opinion Filed June 2, 1925.

Rehearing Denied July 7, 1925.

1. **Appeal and Error — Sufficiency of Evidence—Conclusiveness of Judgment.**

A judgment of the court reached in the trial of a law action without the intervention of a jury will not be reversed on appeal, if there is any competent evidence which reasonably tends to support the judgment.

2. **Same — Judgment on Supersedeas Bond Not Sustained.**

Record examined; held, to be insufficient to support the judgment in favor of the defendants in error.

(Syllabus by Stephenson, C.)

Commissioners' Opinion. Division No. 4.

Error from District Court Okmulgee County; Jas. Hepburn, Judge.

Action by Blackstone Coal & Mining Company on supersedeas bond against J. C. Cline and J. H. Perkins. Judgment for plaintiff, and defendants bring error. Reversed and remanded.

Pryor, Stokes, Carver and A. M. Fowler, for plaintiffs in error.

J. P. Hannigan, for defendant in error.

Opinion by STEPHENSON, C. The Blackstone Coal & Mining Company, which was in possession of coal mining property. was ejected by one Sheward et al., who continued in the possession and operated the mine for sometime. The Blackstone Coal & Mining Company brought an action against Sheward et al. for the possession of the mining property. Judgment went for the mining company for the possession of the property, and the further order of the court was that Sheward should pay to the coal company a certain sum of money per ton for the coal removed by them from the mine; that the Shewards should return the tools and implements, and all property to the possession of the mining company, and pay to the mining company a reasonable rental for the use of such tools and implements while in their possession. The further order of the court shows that the defendants should pay the mining company for the reasonable value of any tools and implements which they had destroyed, or retained in their possession. The Shewards gave their supersedeas bond and appealed the cause to this court, which was later affirmed. The defendant in the former case had abandoned the property some time prior to the time the first cause was affirmed in this court. It is the claim of the mining company that the Shewards failed to return portions of the property to the possession of the mining company and failed to perform the conditions of the judgment as affirmed. The mining company commenced its action, as plaintiff, against the sureties on the supersedeas bond filed and approved in the possessory action. This cause was tried to the court without the intervention of a jury, which resulted in a judgment in favor of the mining company in the principal sum of the bond, which was $1,000. The defendant sureties have appealed the cause to this court for review and assign the following errors for reversal: First, that the judgment of the court is contrary to the evidence; second, that the judgment of the court is contrary to law; third, that the court received incompetent evidence offered by the plaintiffs in the course of the trial of the suit.

The plaintiff used only one witness to testify in relation to the damages suffered by the plaintiff in this action. The witness acted as superintendent of the mining property for the plaintiff during the 14 days the mining company operated the property. The witness was asked by the plaintiff as to what property he put upon the premises in the way of houses and mining tools. He answered that he put a house on the property for the engineer, built a boiler room, put a boiler there a new pump, built a new tipple

and placed about five tons of new track upon the premises. He further testified that he procured iron, timbers, and supplies for the construction of ten pit cars; that he provided a new rope and set of scales. It would appear from the testimony of the witness that the mining company retained the possession of the engine and boiler used in operating the property. The witness did not testify that the houses were removed from the property by the Shewards. The witness on direct examination testified that none of the property was returned to the mining company, but on cross-examination testified that he did not know what property might have been returned to the mining company; that so far as he knew all the property might have been returned to the plaintiff. We think the witness wholly failed ,to qualify himself as being able to . testify as to the value of the property he described as being on the premises. if it was not returned to the plaintiff. It is not clear just what property may or may not have been left on the premises by the Shewards when they abandoned the possession of the same.

The testimony of the witness leaves the question of the value of the property in serious 'doubt on account of his testimony indicating that he was not informed as to the value of such property.

We cannot say from the testimony of this witness that the Shewards retained the possession of any of the property that was left on the premises by the mining company, or if any implements or tools were ·first retained in their possession that they did not return to the mining company after the cause was affirmed. We think the plaintiff should be able to offer more substantial testimony as to what property, if any, was retained by the defendants and the extent of the damages suffered by the mining company, if any, than was shown by the evidence of the plaintiff in this case. This court will not reverse a judgment reached in the trial of a law action on appeal. ·if there is any competent testimony which reasonably tends to support the judgment. But we think the evidence is insufficient in this case to support the judgment rendered against the sureties on the supersedeas bond. Denison v. Phipps, 87 Okla. 299, 211 Pac. 83.

It is recommended that the judgment be reversed and remanded for further proceedings in accordance with the views herein expressed.

By the Court: It is so ordered.

Note.—See under (1) 4 C. J. p. 879; (2) 4 C. J. p. 130.